UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority
Send
Enter
Closed
JS-5/JS-6         JS-6
Scan Only

CASE NO.:  CV 13-07079 SJO (SSx)          DATE: January 3, 2014

TITLE:   Rod Long v. Empire Today, LLC, et al.

========================================================================
PRESENT:  THE HONORABLE S. JAMES OTERO, UNITED STATES DISTRICT JUDGE

Victor Paul Cruz                                    Not Present
Courtroom Clerk                                     Court Reporter

**COUNSEL PRESENT FOR PLAINTIFF:**       **COUNSEL PRESENT FOR DEFENDANT:**

Not Present                                         Not Present

========================================================================
**PROCEEDINGS (in chambers):  ORDER REMANDING TO STATE COURT**

Plaintiff Rod Long ("Plaintiff") filed his Complaint in Los Angeles County Superior Court on August 26, 2013.  On September 24, 2013, Defendants Empire Today, LLC ("Empire") and Today Sales, LLC ("Today") (collectively, "Defendants") removed this action from state court.  For the following reasons, the Court **REMANDS** this action to Los Angeles County Superior Court.

I.    PROCEDURAL AND FACTUAL BACKGROUND

The Complaint sets forth the following allegations.  On or around April 18, 2011, and July 29, 2011, Plaintiff entered into a written agreement with Empire to sell, install, and service carpet and flooring products for the company.  (Notice of Removal ("Notice"), Ex. A ("Complaint") ¶¶ 4, 9, ECF No. 1.)  The Complaint alleges that Empire misclassified Plaintiff as an independent contractor rather than an employee (Compl. ¶¶ 10-13); failed to pay Plaintiff's commissions (Compl. ¶¶ 14-15); and failed to reimburse Plaintiff for expenses (Compl. ¶ 16).

The Complaint lists the following causes of action against Defendants:  (1) breach of employment contract—failure to pay commissions; (2) waiting time penalties under California Labor Code section 203; (3) fraud and deceit; (4) breach of the covenant of good faith and fair dealing; (5) violations of the Unfair Business Practices Act, California Business and Professions Code section 17200 *et seq*.; and (6) violations of California Labor Code section 226.  (*See generally* Compl.)  Plaintiff has brought no federal causes of action.  The Complaint does not state any numerical figure regarding the amount of damages sought.  (*See generally* Compl.)  On September 24, 2013, Defendants removed this action to this Court on the basis of diversity of citizenship pursuant to 28 U.S.C. §§ 1332(a) and 1441(a)-(b). (Notice 1.)

II.    DISCUSSION

Defendants' Notice asserts that removal is proper based on diversity jurisdiction.  (*See generally* Notice.)  A defendant may remove an action on the basis of diversity jurisdiction if (1) there is

complete diversity between the adverse parties in the action; and (2) the amount in controversy exceeds $75,000.00, exclusive of interest and costs.  28 U.S.C. § 1332(a); *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003).  "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction," the district court must remand the case.  28 U.S.C. § 1447(c).  A district court may raise the issue of subject matter jurisdiction *sua sponte* any time during the pendency of an action.  *Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002).  The Court finds it proper to determine whether there is federal subject matter jurisdiction over this action.

Courts must "strictly construe the removal statute against removal jurisdiction" and reject federal jurisdiction "if there is any doubt as to the right of removal in the first instance."  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).  "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper."  *Id.* (internal quotation marks omitted).

    A.    <u>Complete Diversity</u>

Defendants contend that there is complete diversity because Plaintiff is a citizen of California, while Defendants are citizens of Delaware, Illinois, and New York, and not California.  (Notice ¶¶ 11-12.)  A person is a "citizen" of the state where he or she is domiciled.  *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).  A person's residence can be *prima facie* evidence of citizenship.  *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994).  Plaintiff avers that he resides in Corona, California.  (Compl. ¶ 1.)  The Court therefore finds that Plaintiff is a citizen of California based on these uncontroverted pleadings.

Thus, complete diversity will not exist if any Defendant is a resident of California.  Both Empire and Today are limited liabilities companies.[1]  For diversity purposes, a limited liability company has the citizenship of all its members.  *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).  Thus, to meet its burden, a removing party must allege the citizenship of each member of a limited liability corporation.  *See Lindley Contours, LLC v. AABB Fitness Holdings, Inc.*, 414 F. App'x 62, 64 (9th Cir. 2011) (finding it insufficient to allege only that no member of a defendant LLC was a citizen of its opponent's state of citizenship).  Defendants state that Empire is a limited liability company formed in Delaware with its principal place of business in Northlake, Illinois.  (Notice ¶ 11.)  Defendants further assert that one member of Empire is a natural person who is a citizen of New York, and the remaining members are LLCs or partnerships who "together with all participating or sub-members or partners, are citizens of Illinois or New York, none being a citizen of California."  (Notice ¶ 11.)  Like the removing parties in *Lindley*, Defendants rely on a conclusory statement that none of the members are citizens of California. While Defendants do provide the additional information that all of Empire's members are citizens of Illinois or New York, they do so only conclusorily, without individually alleging the citizenship

---

[1] Plaintiff originally included Steve Silvers as a third defendant in this suit.  (*See generally* Compl.)  On September 5, 2013, Plaintiff dismissed Silvers without prejudice from the lawsuit.  (Notice ¶ 2 & Ex. B.)

**CASE NO.:** CV 13-07079 SJO (SSx)          **DATE:** January 3, 2014

and corporate structure of each member. This is insufficient to establish Empire's citizenship in light of Defendants' burden.

A similar problem exists with Defendants' allegations of Today's citizenship. All of Today's members are LLCs or partnership. (Notice ¶ 12.) Defendants state that all of these members, "together with all participating or sub-members or partners, are citizens of Illinois; none is a citizen of California." (Notice 12.) Against, Defendants have failed to meet their burden in establishing that Today's members are not citizens of California. Defendants have made only a single conclusory statement alleging the citizenship and non-citizenship of Today's members and sub-members without identifying the individual members or their corporate structures in any detail. Thus, Defendants have failed to establish that there is complete diversity between the parties.

       B.     <u>Amount-in-Controversy Requirement</u>

For a removal based on diversity jurisdiction, the removing party has the burden of showing that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs." 28 U.S.C. § 1332(a). "Where it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003); *accord Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004). The removing party "need[s] to provide evidence establishing that it is more likely than not that the amount in controversy exceeds that amount." *Valdez*, 372 F.3d at 1117 (internal quotation marks omitted). Courts may consider facts "presented in the removal petition as well as 'any summary-judgment-type evidence relevant to the amount in controversy at the time of removal.'" *Matheson*, 319 F.3d at 1090 (quoting *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997)).

To meet the preponderance of the evidence standard, the removing defendant must "set[] forth . . . the *underlying facts* supporting its assertion that the amount in controversy exceeds [the statutory minimum]." *Gaus*, 980 F.2d at 567. Estimates without a factual basis are "vague and conclusory" and do not satisfy the "more than likely" standard. *Keller v. Gaspari Nutrition, Inc.*, No. CV 10-09927 GAF (SHx), 2011 WL 837797, at *3 (C.D. Cal. Mar. 2, 2011).

Here, Defendants contend that the amount in controversy meets the threshold requirement because Plaintiff seeks his lost commissions and lost wages, attorneys' fees, and punitive damages. (Notice ¶ 16.) Because the Complaint is silent as to the amount of damages sought, so Defendants carry the burden of proving that more than $75,000 is in controversy. *See Matheson*, 319 F.3d at 1090. The Complaint is devoid of monetary figures and general facts from which the Court could infer an amount for Plaintiff's lost commissions and wages. (*See generally* Compl.) For example, the Complaint does not state what Plaintiff was paid or how long he worked for Empire, information from which the Court might be able to calculate an amount in controversy. Without additional information or evidence, removal is not proper based solely on the information contained in the face of the Complaint. The Court, therefore, examines what "summary-judgment-type evidence," *Matheson*, 319 F.3d at 1090, exists to support proper removal.

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

CASE NO.:  CV 13-07079 SJO (SSx)          DATE: January 3, 2014

Here, Defendants offer Plaintiff's pre-Complaint Settlement Demand, in which Plaintiff offers to settle with Defendants for $350,000, in support of their allegation that the amount in controversy exceeds $75,000.  (Notice ¶ 16(a) & Ex. D ("Settlement Demand"), at 4.)  Although a settlement letter may provide evidence of the amount in controversy, the settlement letter must "appear[] to reflect a reasonable estimate of the plaintiff's claim." *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002).  Defendants have not demonstrated that the Settlement Demand is reasonable.  To the contrary, the Settlement Demand is unlikely to be representative of the claims brought by Plaintiff in the instant case.  The figure represents Plaintiff's initial offer, which may be an attempt to "anchor the negotiations in [the party's] favor by starting the process with a high number." *Vasquez v. CSX Transp., Inc.*, 08 C 5996, 2009 WL 1953052, at *3 (N.D. Ill. July 1, 2009).  Furthermore, Plaintiff made this offer several months before filing the Complaint, and the letter references claims that Plaintiff has elected not to pursue in this lawsuit.  (Settlement Demand 1 ("Please consider this letter a demand for payment owed pursuant to Law[,] incl. Federal Fair Labor Standards Act . . .").)  All of this suggests that the Settlement Demand does not reflect a reasonable estimate of Plaintiff's claims.

Moreover, although Defendants have access to all the information regarding Plaintiff's lost commissions and other claims, they have not provided any additional evidence of the amount in controversy.  For example, Defendants have not told the Court how long Plaintiff has worked for the company, nor have Defendants provided evidence of Plaintiff's earnings.  This information could help the Court evaluate the reasonableness of the Settlement Demand.  In sum, despite the fact that Defendants have complete access to Plaintiff's earnings history, Defendants do not proffer any other evidence through affidavits, documents, or otherwise to indicate the amount of commissions and lost wages in dispute here to support its contention that the amount in controversy exceeds $75,000.  (*See generally* Notice.)

Defendants also contend that the calculation of the amount in controversy includes punitive damages, attorneys' fees, and damages for mental and emotional distress.  (Notice ¶¶ 16-18.)  For example, Defendants argue that "[t]he Court may examine the nature of the action and the relief sought and take judicial notice of attorney's fee awards in similar cases."  (Notice ¶ 17.)  However, Defendants fail to even speculate as to the amount of punitive damages and attorneys' fees to which Plaintiff would be entitled if relief were granted in Plaintiff's favor, nor do Defendants point to awards of punitive damages or attorneys' fees in other similar cases to support its claim as to the probable or potential size of such an award.

Defendants' unsupported allegation that Plaintiff seeks damages in excess of $75,000 is insufficient to establish that it is more likely than not that the amount-in-controversy requirement has been satisfied and this Court vested with subject-matter jurisdiction.  Because Defendants have failed to meet their burden to establish that the amount in controversy exceeds $75,000 and that complete diversity exists between the parties, the Court remands this action.

///
///

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

CASE NO.:  **CV 13-07079 SJO (SSx)**          DATE:  **January 3, 2014**

III.   <u>RULING</u>

For the foregoing reasons, the Court **REMANDS** this case to Los Angeles County Superior Court.

IT IS SO ORDERED.

       cc: order, docket, remand letter to
       Los Angeles Superior Court,
       Southeast District, Norwalk, No. VC 063400